UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DICKERSON,

        Plaintiff,

        v.                                                      Case No. 23-cv-1443-bhl

MILWAUKEE COUNTY, et al.,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Travis Dickerson, who is currently serving a state prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dickerson's motions for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1, 3, & 7.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

    Dickerson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Dickerson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.00. Accordingly, the Court will grant Dickerson's first motion for leave to proceed without prepaying the filing fee and deny as moot his second motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:23-cv-01443-BHL   Filed 01/22/24   Page 2 of 7   Document 13

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Dickerson was a convicted inmate at the Milwaukee County Jail. Dkt. No. 1. Defendants are Milwaukee County and Registered Nurse Jane Doe. *Id*. at 1.

On October 12, 2023, between 9:00 a.m. and 9:30 a.m., CO White (not a defendant) and Nurse Jane Doe gave Dickerson the wrong medication; and Dickerson took the medication without thinking too much about it. *Id.* at 2. About two hours later, CO White and Nurse Jane Doe came back to Dickerson's cell to give him his correct medication, which he also consumed. *Id*. at 2-3. CO White then handed out lunch trays at around 11:30 a.m. *Id*. at 3. After eating lunch, Dickerson went to the dayroom. *Id*. As he walked around the dayroom, he started to feel unwell—he was light-headed, his chest tightened up, his heart was racing, his head was pounding, and he was dizzy. *Id*. Dickerson walked back to his cell to drink water. *Id*. On his way back to the dayroom, Dickerson fainted face-first, chipping his front tooth. *Id*. A correctional officer called Nurse Jane Doe, who "ran multiple tests on [him] checking [his] blood pressure and pulse." *Id*. She then called an ambulance and Dickerson was taken to the hospital. *Id*. at 3-4. For relief, Dickerson seeks monetary damages. *Id* at 5.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Eighth Amendment, Dickerson must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Negligence does not meet this standard and "even admitted medical malpractice does not give rise to a constitutional violation." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

Dickerson alleges that Nurse Jane Doe gave him the wrong medication on October 12, 2023 during morning medication pass. Administering the wrong medication could pose a substantial risk of harm, depending on the circumstances. However, courts have long recognized that an isolated, one-time mistake in dispensing the wrong medication only amounts to negligence, not deliberate indifference. *See e.g., Van Leer v. Centurion Health of Indiana, LLC*, No. 1:22-CV-02050-TWP-MG, 2023 WL 2814156, at *2 (S.D. Ind. Apr. 6, 2023); *Anderson v. Novak*, 20-cv-901-bbc, 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021); *Robbins v. Pollard*, No. 16-CV-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016). Even admitted medical malpractice does not give rise to a constitutional violation. *Norfleet*, 439 F.3d at 396. Accordingly, Dickerson's allegations are insufficient to state Eighth Amendment claims.

Dickerson's attempt to assert an Eighth Amendment claim against Nurse Jane Doe is also undercut by his own allegations. Dickerson describes how, after Nurse Jane Doe was notified of the circumstances, she checked his blood pressure and pulse then called an ambulance to take him

4

to the hospital. This demonstrates a timely and reasonable response, and it undermines any claim that Nurse Jane Doe was deliberately indifferent to Dickerson's medical situation. Based on these alleged facts, Dickerson does not have a claim against Nurse Jane Doe in connection with receiving the wrong medication on October 12, 2023.

Dickerson's failure to state a claim against Nurse Jane Doe dooms his claim against Milwaukee County. The Seventh Circuit has confirmed that where there is no underlying constitutional violation by an individual defendant, there can be no *Monell* claim against the entity that employs her. *See Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022). Therefore, the Court will dismiss the original complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, the Court allows *pro se* plaintiffs at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, the Court will give Dickerson an opportunity to file an amended complaint. The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court will also include a blank prisoner amended complaint form. The Court will require Dickerson to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Dickerson is advised that the amended complaint must bear the docket number assigned to this case and must be complete in itself without reference to prior versions of the complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Dickerson files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Dickerson does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Dickerson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **GRANTED**; and his motion for leave to proceed without prepayment of the filing fee (Dkt. No. 7) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Dickerson may file an amended complaint that complies with the instructions in this order by **February 21, 2024**. If Dickerson files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Dickerson does not file an amended complaint, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Dickerson a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Dickerson shall collect from his institution trust account the **$347.00** balance of the filing fee by collecting monthly payments from Dickerson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Dickerson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Dickerson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Dickerson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dickerson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge